**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY JEAN COPELAN,<br>Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br>Defendant. | CASE NO. ED CV 11-01455 RZ<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Betty Jean Copelan seeks reversal of the Social Security Commissioner's decision denying her application for disability benefits. She contends that the Administrative Law Judge did not properly consider all the relevant medical evidence, that he did not properly assess her credibility and that he did not properly consider her past relevant work. The Court agrees with the first of these arguments, and therefore does not address the other two arguments.

The Administrative Law Judge placed heavy reliance on the testimony of the medical expert, who responded to questions from the Administrative Law Judge about the objective medical evidence. As far as it went, this was sufficient evidence for the Administrative Law Judge to rely upon. But the one area in which it was not sufficient concerned a diagnosis of fibromyalgia. The Administrative Law Judge stated that "I agree with Dr. Lorber that the record lacks sufficient clinical or laboratory support for a diagnosis

of fibromyalgia, which was also not credited by Dr. Nafoosi." [AR 17] This, however, is not an accurate statement of the remarks of either Dr. Lorber, the testifying medical expert, or Dr. Nafoosi, the medical expert who responded to interrogatories from the Administrative Law Judge.

Dr. Lorber was asked to give his "objective review of the file from an orthopedic surgery standpoint, including her obesity." [AR 27] Fibromyalgia, however, is, according to the Ninth Circuit, not an orthopedic malady, but a rheumatic disease, that is diagnosed entirely on the basis of the patient's reports of pain and other symptoms, and there currently are no laboratory tests to confirm the diagnosis. *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004). Thus, Dr. Lorber, asked to give his views from an orthopedic surgery standpoint, did not have special expertise in this area and, if Dr. Lorber had said that the record lacks sufficient laboratory findings, for example, that would have been beside the point given the nature of the syndrome. However, Dr. Lorber did not say that the record lacks sufficient clinical or laboratory support for a finding of fibromyalgia; he merely said that the report of the doctor who provided the diagnosis of fibromyalgia is not in the record. ("Diagnosed by a rheumatologist as having fibromyalgia. We don't have his report, only a reference to it in 11-F, 41." [AR 29])

It is also not correct to say that a diagnosis of fibromyalgia was "not credited by Dr. Nafoosi." [AR 17] Dr. Nafoosi did not say anything one way or the other about fibromyalgia. [AR 501-03] Moreover, the Administrative Law Judge stated that he accorded "no weight" to the opinion of Dr. Nafoosi [AR 16], so whether Dr. Nafoosi "credited" the diagnosis or not would seem to be not relevant.

However, the Administrative Law Judge did himself provide reasons why he did not accept that Plaintiff suffered from fibromyalgia: that there were no laboratory studies in support of such a diagnosis, that the trigger points were not enumerated, and that the reports were intermittent and not tied to sustained symptoms. [AR 18] As noted, it is not surprising that there were no laboratory studies, *Benecke*, *supra*; the rest of the Administrative Law Judge's criticism, however, involves a medical judgment, not a legal

one, and it requires a medical assessment. *Day v. Weinberger,*522 F.2d 1154, 1156 (9th Cir. 1975); *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996). As Dr. Lorber noted, there is a diagnosis from a rheumatologist in the record, but the reason the diagnosis was made does not appear. That does not, in itself, invalidate it; it calls for further inquiry, either to obtain the report or, if it is not obtainable, perhaps to send the claimant for a consultative examination from a rheumatologist. The exact approach, of course, is up to the Commissioner.

The Court recognizes that much of Plaintiff's complaints concerned her back, and that the fibromyalgia diagnosis, in some senses, might be the tail wagging the dog. Be that as it may, the diagnosis is there, and there are some references in the record to trigger points and other matters consistent with it. The record on this point needs further development.

Because the Court remands on this point, it does not address further the arguments about Plaintiff's credibility and her past relevant work as a bindery machine operator. However, the Commissioner may wish to take a further look at these issues as the medical evidence is developed further. The evidence on Plaintiff's fibromyalgia might affect how her credibility is assessed, and what work she is able to do. The Court expresses no opinion on these subjects.

In accordance with the foregoing, the Commissioner's decision is reversed, and the matter is remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion.

DATED: March 22, 2012

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE